The special administrator of the estate of Helyn M. Carlon (administrator) appeals from portions of a judgment issued by a judge of the Probate and Family Court finding that the administrator failed to sustain his burden of proving damages on his claims of conversion and what the judge construed as a claim of unjust enrichment related to the contents of certain safe deposit boxes, and dismissing those claims. The administrator contends that the judge erred in concluding that the evidence of damages was too remote or speculative. We vacate the portions of the judgment related to those claims and remand the matter for further proceedings consistent with this memorandum and order.
Background. We recite only the facts relevant to this narrow appeal. Prior to their deaths, Helyn Carlon (Helyn) and her husband, Steven Carlon Sr. (Steven Sr.),[3] maintained a system of bank accounts, safe deposit boxes, and hidden cash for the purpose of bequeathing their assets to their four children without paying inheritance taxes. Steven Sr. meticulously recorded the accounting for that system until his health declined in 2006. Over the next four years, Helyn assumed the role of accounting for the family's finances. However, Helyn's maintenance of the various financial records was unorganized and irregular.
As part of her estate plan, Helyn jointly owned two safe deposit boxes. The first safe deposit box was kept at Berkshire Bank and was jointly owned by Helyn; Helyn's daughter, Donna Circosta (Donna); and one of Helyn's sons, Kevin Carlon (Kevin).[4] The second safe deposit box was kept at TD Banknorth and was also jointly owned by Helyn, Donna, and Kevin.[5] Financial records from 2004 and 2006 reflect that both safe deposit boxes contained large amounts of cash.
In May, 2010, Helyn informed Kevin of her financial records and the locations of the family's financial assets. At that time, Helyn showed Kevin the contents of the safe deposit box kept at TD Banknorth. Kevin could not state the exact amount of money inside that safe deposit box, but testified that the twelve-by-twelve-by-six-inch inch box was "filled with cash consisting of old $100 bills." Helyn died a few months later. Following her death, a family dispute arose when each safe deposit box was discovered to be empty.
In addition to other claims, the administrator brought both an equitable and a legal claim against Donna in the Probate and Family Court alleging that Donna improperly removed cash from the safe deposit boxes.[6] At trial, evidence showed that Donna accessed the TD Banknorth safe deposit box in the months before Helyn's death and multiple times in the days thereafter. The judge did not credit Donna's testimony that "there was nothing of value in either [safe deposit] box ... when she initially accessed them after her mother's death." The judge also found it "highly unlikely that Helyn would withdraw all the cash from these safe deposit boxes during the last months of her life." However, the judge ruled in favor of Donna on the administrator's claims related to the safe deposit boxes. Specifically, the judge found the administrator failed to meet his burden of proving "damages" as it related to the assets contained within either safe deposit box that Donna "may have removed." The administrator appeals from the portions of the judgment dismissing those claims.
Discussion. We note that the administrator brought a claim of "constructive trust" regarding the contents of the safe deposit boxes. Before proceeding with our review, we clarify that a constructive trust is an equitable remedy, not an independent cause of action. See Barry v. Covich, 332 Mass. 338, 342-343 (1955). As a remedial device, a constructive trust has no elements, but is instead a "flexible tool of equity designed to prevent unjust enrichment resulting from fraud, a violation of a fiduciary duty or confidential relationship, mistake, or other circumstances." Maffei v. Roman Catholic Archbishop of Boston, 449 Mass. 235, 246 (2007) (quotation omitted). We interpret the administrator's claim, as did the judge below, to be a claim of unjust enrichment seeking the remedy of a constructive trust. See Powers, Inc. v. Wayside, Inc. of Falmouth, 343 Mass. 686, 694-695 (1962). "Unjust enrichment is defined as retention of money or property of another against the fundamental principles of justice or equity and good conscience." Santagate v. Tower, 64 Mass. App. Ct. 324, 329-330 (2005) (quotation omitted).
The administrator's burden was to prove by a preponderance of the evidence that Donna was "unjustly enriched by the acquisition of title to identifiable property at the expense of the claimant or in violation of the claimant's rights." Restatement (Third) of Restitution and Unjust Enrichment § 55(1), at 296 (2011). See Metropolitan Life Ins. Co. v. Cotter, 464 Mass. 623, 643-644 (2013). Included within this burden is the obligation of the administrator to present evidence of the total or gross amount of the defendant's gain, or a reasonable approximation thereof.[7] See Bonina v. Sheppard, 91 Mass. App. Ct. 622, 626-627 (2017), citing Dobbs, Law of Remedies § 4.1(4), at 566 (2d ed. 1993). However, if a plaintiff's evidence cannot lead to even a reasonable approximation, the claim of unjust enrichment is merely speculative and must fail as a matter of law. See Taylor Woodrow Blitman Constr. Corp. v. Southfield Gardens Co., 534 F. Supp. 340, 347 (D. Mass. 1982).
We cannot determine from the judge's decision whether he found, as Donna argues, that the administrator failed to prove that she took the cash from the safe deposit boxes, or whether the judge found, as the administrator argues, that Donna took the cash but that the evidence was too speculative to establish the amount taken. Furthermore, if the latter, we cannot determine whether the judge took into account all of the evidence offered at trial, which might allow him, after discounting evidence that he deems too remote or speculative, to come to some reasonable approximation of the amount of cash left in the safe deposit boxes at the time of Helyn's death. We therefore remand for further findings on these issues.[8]
In remanding the matter, we acknowledge that "measuring restitution for unjust enrichment poses special difficulties and, as such, trial judges need considerable discretion to fashion appropriate remedies." Bonina v. Sheppard, 91 Mass. App. Ct. at 626 (quotation omitted). See Restatement (Third) of Restitution and Unjust Enrichment § 55(1) comments g, h (2011). If on remand the judge determines that the administrator met his burden at trial to prove that Donna was unjustly enriched by removing property from the safe deposit boxes, including a reasonable approximation of her gain, the judge may fashion an equitable remedy, such as restitution in the form of a constructive trust, weighing the equities "based on the specific circumstances of [the] case" using his sound discretion. Bakwin v. Mardirosian, 467 Mass. 631, 639 n.9 (2014).
The administrator also brought a claim of conversion against Donna under a similar theory of recovery.[9] Conversion is a tort claim requiring proof of damages. See Abington Natl. Bank v. Ashwood Homes, Inc., 19 Mass. App. Ct. 503, 507 (1985). "While the damages may not be determined by speculation or guess, an approximate result is permissible if the evidence shows the extent of damages to be a matter of just and reasonable inference." McKenna v. Begin, 5 Mass. App. Ct. 304, 311 (1977). "A wrongdoer may not complain that damages cannot be measured precisely where he alone is responsible for the harm." Ibid. For the same reasons as stated above, remand is required for the judge to clarify the basis for his resolution of this claim.
We vacate those portions of the judgment dismissing the administrator's claims based on unjust enrichment and conversion related to the contents of the safe deposit boxes, and remand the matter for further proceedings consistent with this memorandum and order.[10] The judgment is otherwise affirmed.[11]
So ordered.
Vacated in part; Affirmed in part.

For clarity, we refer to members of the Carlon family by their first names.

Ownership of this safe deposit box was an issue at trial because discovery of documents related to this box did not occur until after trial started. Testimony and records reflected that Donna had access to this box, but records were inconclusive whether she was a joint owner. The judge's finding that Donna was a joint owner is not clearly erroneous.

A third safe deposit box was closed by Helyn two years prior to her death and is not at issue.

The Probate and Family Court judge was designated as a justice of the Superior Court so that all claims could be heard together.

While there is no burden shifting, once a plaintiff has provided sufficient evidence for a judge to determine a reasonable approximation of a defendant's gain, the defendant is then free to introduce evidence tending to show that the true extent of unjust enrichment is something less.

We highlight certain evidence adduced at trial that may be helpful in the analysis. There was evidence that the TD Banknorth safe deposit box contained $253,280 as of December of 2004. Kevin testified to the amount of cash contained within the TD Banknorth safe deposit box in May of 2010 not in numerical terms, but in descriptive terms. Bank records reflected that Helyn accessed the box only three times between the time Kevin saw the contents of that box and her death. In July, 2010, Helyn also withdrew $80,000 in cash (which had not been located at the time of trial) from a bank account, and five days later, Helyn accessed the TD Banknorth box. All parties presented evidence detailing Helyn's account withdrawals and spending habits over the years and in the period of time directly preceding her death. Lastly, the judge deemed Donna's testimony about the safe deposit boxes being empty not credible.

When reviewing the adequacy of an equitable claim, "it is immaterial that [the plaintiff] may have also a plain, adequate, and complete remedy at law" under the same theory of recovery. Boston v. Santosuosso, 298 Mass. 175, 180 (1937). However, if a party prevails on both legal and equitable claims based on the same or similar facts, he or she is not eligible to receive double redress. See Zelby Holdings, Inc. v. VideogeniX, Inc., 92 Mass. App. Ct. 86, 93 (2017).

Kevin was a plaintiff in the trial court, but he did not file a notice of appeal and is not a party to this appeal. Our decision does not disturb the portions of the judgment dismissing Kevin's independent claims of unjust enrichment or conversion. See Mass.R.A.P. 3(b), (c), as amended, 430 Mass. 1602 (1999). See also Group Ins. Commn. v. Labor Relations Commn., 381 Mass. 199, 206-207 (1980).

The administrator's request for attorney's fees in connection with the appeal is denied.